UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ARLANDO CARROLL STORY,                    )
                                          )
            Petitioner,                   )
                                          )
v.                                        )          No. 2:17-CV-00144-JRG-CRW
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
            Respondent.                   )

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Arlando Carroll Story's Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1], the United States' Response [Doc. 5], Mr. Story's Motion for Relief (under 60(b)) [Doc. 9], the United States' Second Response [Doc. 16], and Mr. Story's Supplemental Motion [Doc. 18]. For the reasons herein, the Court will deny Mr. Story's motions.

## I.    BACKGROUND

In 2016, Mr. Story pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Notice of Intent to Plead Guilty, Doc. 11, at 1, No. 2:16-CR-00027; Factual Basis, Doc. 12, at 1–2, No. 2:16-CR-00027; J., Doc. 26, at 1, No. 2:16-CR-00027]. Mr. Story "agreed and stipulated to" the following facts at his plea hearing:

> (a) On or about February 24, 2016, in the Eastern District of Tennessee, law enforcement arrested Arlando Carroll Story ("Mr. Story") in Johnson City, Tennessee. Mr. Story, who was driving a vehicle at the time, was in possession of a Sig Sauer, .40 caliber, semiautomatic pistol, which was located under the driver's seat of the vehicle. The firearm was loaded with a magazine containing 11 rounds of assorted ammunition.

> (b) Law enforcement analysis later determined that the firearm was manufactured outside the state of Tennessee, and thus affected interstate commerce.

(c) An initial review of Mr. Story's criminal history revealed the following felony conviction:

> On June 6, 2009, in the Criminal Court of Washington County, Tennessee, Story was convicted of the felony charge of Robbery. Story was sentenced to three years in custody of the Tennessee Department of Corrections.

(d) In sum, the defendant admits to knowingly possessing the Sig Sauer, .40 caliber, semiautomatic pistol found by law enforcement. The defendant also stipulates that the firearm was manufactured outside the state of Tennessee, and thus affected interstate commerce.

[Factual Basis at 1–2].

Leading up to sentencing, the probation officer prepared and filed a presentence investigation report, [Doc. 15, No. 2:16-CR-00027], which showed that Mr. Story had a prior felony conviction in Tennessee for robbery in 2009, [*id.* at 4]. Based on this felony conviction, the probation officer, citing USSG § 2K2.1(a)(3), calculated Mr. Story's base offense level as 22. [*Id.* at 5–6]; *see* USSG § 2K2.1(a)(3) (2016) (stating that a defendant's base offense level is 22 if the offense at issue involved a firearm described in 26 U.S.C. § 5845(a) and "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense").

The presentence investigation report also contained additional facts regarding the events that led to the discovery of the Sig Sauer, .40 caliber, semiautomatic pistol in Mr. Story's vehicle on February 24, 2016:

> [O]fficers initiated a traffic stop on the defendant. It was advised the defendant's license was suspended and he was possibly armed. The vehicle then turned onto numerous roads and eventually came to a stop approximately 1.2 miles away. The defendant's girlfriend jumped out of the vehicle and fled into the residence. The officers made contact with the defendant as he got out of the vehicle, had him place his hands in the air, and placed him into custody. Upon searching the defendant, officers located 5.65 grams of a white powdery substance that field tested for cocaine. Additionally, officers located a large sum of money ($2,752.82), in a variety of denominations, on the defendant. A canine unit was summoned on the

2

scene and alerted to a black handgun in the vehicle. Upon locating the defendant's girlfriend in the residence, she gave consent to search the room that she and the defendant rents inside the residence. Officers allegedly located several firearms, including a North American Arms .22 caliber revolver, which was reported stolen from a residential burglary on Bart Green Drive on September 27, 2015.

According to the United States Attorney's Office and Corporal Kenneth Hinkle from the Morristown, Tennessee, Police Department, a search of the residence on February 24, 2016, revealed a New England Firearms .410 Shotgun with sawed off barrel and obliterated serial number, the North American Arms .22 caliber revolver noted above, and a Hi-Point firearms 9mm handgun that was later found to be inoperable. In addition to these firearms, officers also located several different brands and different calibers of ammunition.

[PSR at 5]. Relying on this information, the probation officer applied three enhancements to Mr. Story's offense level. First, she applied a two-level enhancement under USSG § 2K2.1(b)(1)(A) because the officers discovered three firearms in Mr. Story's residence shortly after his arrest. [*Id.* at 6]. Second, she applied a four-level enhancement under USSG § 2K2.1(b)(3)(B) because one of those three firearms, the shotgun, had an obliterated serial number. [*Id.*]. And third, she applied a four-level enhancement under USSG § 2K2.1(b)(6)(B) because Mr. Story used or possessed a firearm and ammunition in "close proximity to" cocaine. [PSR Addendum, Doc. 23, at 1–2 (quoting USSG § 2K2.1(b) cmt. n.14(B) (2016))].

Mr. Story objected to the three enhancements, contending that they were not part of the factual basis that he agreed and stipulated to during his plea hearing, that the record lacked evidence that he had fled from officers, and that the cocaine in his vehicle was a "small amount" that should have resulted in "a misdemeanor in state court." [Def.'s Objs., Doc. 18, at 1–2, No. 2:16-CR-00027]. During Mr. Story's sentencing hearing, the Court received evidence from the United States in the form of exhibits and witness testimony, [Ex. & Witness List, Doc. 25, at 1, No. 2:16-CR-00027], and it overruled Mr. Story's objections, applying the same total offense level, 29, that the probation officer arrived at in the presentence investigation report, *compare*

3

[PSR at 6], *with* [Statement of Reasons, Doc. 27, at 1, No. 2:16-CR-00027]. Although Mr. Story's guidelines range was 151 to 188 months, he faced a statutory maximum sentence of 120 months under 18 U.S.C. § 924(a)(2), which became his guidelines range. [Statement of Reasons at 1]; *see* USSG § 5G1.1(a). The Court sentenced him to 108 months' imprisonment, twelve months below the statutory maximum. [J. at 2].

Under 28 U.S.C. § 2255, Mr. Story now moves the Court to vacate, set aside, or correct his sentence. He argues, primarily, that the Court's decision to apply the enhancements violated his rights under the Fourth Amendment of the United States Constitution. [Pet. at 4–5]. After filing his petition for § 2255 relief, Mr. Story also filed a motion under Federal Rule of Civil Procedure 60(b), in which he again requests that "his sentence be vacated." [Pet'r's Rule 60(b) Mot., Doc. 9, at 12]. Lastly, Mr. Story also maintains in a recently filed supplemental petition, which the Court granted him leave to file, that he is entitled to § 2255 relief under the Supreme Court's recent decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019). [Suppl. Pet., Doc. 18, at 1–3]. Having carefully reviewed Mr. Story's claims, the Court is now prepared to rule on them.

## II.    STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of

4

a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these three bases for relief, a petitioner's allegations must consist of sufficient facts showing she is entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). And similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to doc.no relief," she will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher.

5

*United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

### III.   ANALYSIS

First, Mr. Story argues that the Sig Sauer, .40 caliber, semiautomatic pistol is the "only firearm that should [have] be[en] considered" when the court imposed his sentence and that the "total[] offense level increase by four  is false." [Pet. at 4]. Second, he maintains that the Court "improperly calculat[ed] the correct Guideline range," "fail[ed] to consider the factors 3553(a)," and "fail[ed] to [a]dequately explain the chosen sentence under USSG § 2K2.1(b)(6)(B)." [*Id.* at 5]. In response, the United States  raises three arguments opposing Mr. Story's claims, contending that (1) Mr. Story's claims are procedurally defaulted, (2) Mr. Story fails to meet his burden as the movant for § 2255 relief because his arguments are undeveloped, and (3) Mr. Story's claims fail on the merits. The Court will begin its analysis by addressing Mr. Story's first two claims for relief  under § 2255, before separately addressing his third claim under *Rehaif*.

6

## A. Procedural Default

Under the doctrine of procedural default, a defendant who fails to raise an issue on direct appeal may not raise that issue in a § 2255 petition unless he can establish cause and prejudice to excuse his failure. *Huff v. United States*, 734 F.3d 600, 605–06 (6th Cir. 2013). The "hurdle" that a petitioner must vault to excuse procedural default is "intentionally high . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (citation omitted). The element of cause requires "good cause" for the petitioner's failure to raise his claims on direct appeal, and the element of prejudice requires the petitioner to show that he "would suffer prejudice if unable to proceed" with those claims. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Bousley v. United States,* 523 U.S. 614, 622 (1998)).

Rarely, a defendant who fails to establish cause and prejudice can still obtain review of his post-conviction claims if it is necessary to avoid a fundamental miscarriage of justice, as when a defendant is able to show his actual innocence by submitting new evidence to the Court. *Dretke v. Haley*, 541 U.S. 386, 393 (2004); *see Bousley*, 523 U.S. at 622–24 (stating that "'actual innocence' means factual innocence, not mere legal insufficiency" (citation omitted)); *see also McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (stating that the actual-innocence exception deals with a "severely confined category [of] cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'" (quotation omitted)); *Jamison v. Collins*, 100 F. Supp. 2d 521, 533 (S.D. Ohio 1998) ("To demonstrate a 'fundamental miscarriage of justice,' a petitioner must show that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent." (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986))).

7

Mr. Story has not replied to the United States' response, and in failing to raise any appreciable argument as to cause and prejudice—or an argument as to a fundamental miscarriage of justice—he has procedurally defaulted on his first two claims, neither of which he pursued on direct appeal. *See Simmons v. Schweitzer*, No. 16-4170, 2017 WL 4980159, at \*2 (6th Cir. Apr. 5, 2017) ("Reasonable jurists could not disagree with the district court's conclusion that this claim is procedurally defaulted because [the petitioner] offers no colorable argument that cause and prejudice excuse his default, or that the failure to excuse his default would result in a fundamental miscarriage of justice."); *see also Dretke*, 541 U.S. at 388 ("Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim[.]"); *United States v. Israel*, Criminal Action No. 5:14-98-DCR-CJS; Civil Action No. 5:17-312-DCR-CJS, 2018 WL 3212071, at \*5 (E.D. Ky. Feb. 12, 2018) ("As Defendant has not made any effort to show cause and actual prejudice exist to excuse his procedural default, and Defendant has not satisfied the requirements of the actual innocence exception, Defendant's claim that §§ 841 and 846 are unconstitutional is procedurally defaulted.").

But even if the Court were to consider the merits of Mr. Story's claims, they would still fail. "[M]istakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of" procedural default. *Grant*, 72 F.3d at 506; *see Snider v. United States*, 908 F.3d 183, 191–92 (6th Cir. 2018) ("[E]very other court of appeals to have looked at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations." (citations omitted)). Although Mr. Story maintains that the Court violated his constitutional rights by misapplying the § 2K2.1 enhancements to his offense

level, a misapplication of the Sentencing Guidelines is not an error of constitutional magnitude. *Snider*, 908 F.3d at 189; *Grant*, 72 F.3d at 506.

"[A]n error in the application of the Sentencing Guidelines," therefore, "does not warrant collateral relief under § 2255 unless there is a complete miscarriage of justice." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citation omitted). To meet this "demanding standard," Mr. Story must "prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated." *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019) (quotation omitted); *see Grant*, 72 F.3d at 506 (stating that an error does not rise to a complete miscarriage of justice unless it is "positively outrageous"). Mr. Story, however, does not allege—let alone attempt to show—either one.

If anything, the fact that the Court sentenced Mr. Story to a term of imprisonment several months *below* the statutory maximum speaks to the reasonableness of his sentence, not to an underlying due process violation of outrageous proportions. *See United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) ("Courts have generally declined to collaterally review sentences that fall within the statutory maximum." (citations omitted)); *see also United States v. Moody*, 433 F. App'x 785, 787 (11th Cir. 2011) ("The reasonableness of a sentence may be indicated when the sentence imposed was well below the statutory maximum sentence." (citing *United States v. Gonzalez,* 550 F.3d 1319, 1324 (11th Cir. 2008))), *cert. denied,* 557 U.S. 928 (2009); *United States v. Foreman*, 401 F. App'x 102, 104 (6th Cir. 2010) ("The sentence [the defendant] received was below the statutory maximum and was adequately supported by § 3553(a) factors. The sentence was substantively reasonable." (citing *United States v. Kontrol,* 554 F.3d 1089, 1093 (6th Cir. 2009))).

9

Besides, Mr. Story identifies no portion of the record demonstrating that the Court's sentence bordered on a fundamental miscarriage of justice. He does not allege how the Court erred in applying the enhancements; he does not state in what way the Court failed to explain its reasoning in applying the enhancements; and he does not refer to any § 3553(a) factor in particular that the Court failed to address. *See Jefferson*, 730 F.3d at 547 ("Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" (quotation and citation omitted)); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (describing the petitioner's § 2255 claims as "insufficient to sustain aa review" because they were "stated in the form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or reference to such proof"). And in this same vein, Mr. Story identifies no portion of the recording showing the Court, as he claims, miscalculated his guidelines range. In fact, as the record stands,[1] it cuts against Mr. Story's claims—it illustrates that the Court considered the parties' evidence and arguments concerning the enhancements before applying them, *see* [Def.'s Objs. at 1–2; Def.'s Sentencing Mem., Doc. 22, at 1–2; Ex. & Witness List at 1], and that the Court addressed each of the § 3553(a) factors, *see* [Statement of Reasons at 3].

Simply, Mr. Story's allegations are purely conclusory, and they are devoid of any support in the record. In challenging the Court's application of the enhancements, he essentially re-raises the objections that the Court, under a preponderance of the evidence standard, rejected in the underlying criminal proceedings. He does not demonstrate now, under the narrower limits of collateral review, that his objections have merit—or more specifically, that his case constitutes

---

[1] Mr. Story did not order the transcripts of his sentencing hearing to support his claims or to aid the Court in its review of his claims. *See generally In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (stating that an inmate's status as a pauper "does not give [him] a right to have documents copied and returned to him at government expense").

one of "[t]hose rare instances" in which a non-constitutional error occurred "in a context that is so positively outrageous as to indicate a 'complete miscarriage of justice.'" *Grant*, 72 F.3d at 506. He is therefore not entitled § 2255 on his first two claims.

### B. *United States v. Rehaif*

In *Rehaif*, the Supreme Court held that the United States cannot obtain a conviction under § 922(g) unless it proves that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Citing *Rehaif*, Mr. Story argues that his "conviction should be reversed" because "during the plea allocution, [he] did not admit to the necessary elements to convict him of a crime as outlined by *Rehaif*." [Suppl. Pet. at 3]. In considering Mr. Story's argument under *Rehaif*, the Court will begin with § 2255's statute of limitations. *See Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) ("Before we can reach the merits of the ineffective-assistance-of-counsel-at-trial claim, we must first address the timeliness of [the petitioner's] amended petition."); *see also Taylor v. United States*, 518 F. App'x 348, 349 (6th Cir. 2013) (stating that "[a] district court . . . may sua sponte dismiss a motion as barred by the applicable one-year statute of limitations" (citing *United States v. McDonough*, 547 U.S. 198, 209–10 (2006))).

Section 2255's one-year statute of limitations states that the "limitation period shall run from the latest of":

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)–(4). Relying strictly on a change in intervening law, Mr. Story invokes § 2255(f)(3) in bringing his claim under *Rehaif*. *See* [Suppl. Pet. at 1 (moving the Court to vacate his sentence in light of "updated developements [sic] in the law based on the Supreme Court's decision in *United States v. Rehaif*")]. The Supreme Court decided *Rehaif* on June 21, 2019, and Mr. Story filed his supplemental petition within a year of that date, on February 28, 2020.

But under § 2255(f)(3), a claim is cognizable only if it rests on a "newly recognized" right, as announced by the Supreme Court, [2] and only if that right is "retroactively applicable to cases on collateral review." § 2255(f)(3). A new right is retroactive to cases on collateral review only if the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The Supreme Court, however, has not held that *Rehaif* applies retroactively to cases on collateral review. *See Abernathy v. United States*, No. 1:19-cv-2, 1:16-cr-81, 2019 WL 5268546, at *5 n.3 (E.D. Tenn. Oct. 17, 2019) (declaring that *Rehaif* "is not retroactively applicable to cases on collateral review" (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019))). Several district courts in this circuit have reached the same conclusion. *Wright v. United States*, No. 1:16-cv-01080-JDB-jay, 2020 WL 718237, at *2 (W.D. Tenn. Feb. 12, 2020); *Maxie v. Warden*, No. 6:19-cv-300-JMH, 2020 WL 86207, at *2 (E.D. Ky. Jan. 7, 2020); *Doyle v. United States*, No. 2:19-CV-1345, 2019 WL 6351255, at *11 (S.D. Ohio Nov. 27, 2019); *Moore v. United States*, No. 2:19-cv-02572-TLP-tmp, 2019 WL 4394755, at *2 (W.D. Tenn. Sept. 12, 2019).

---

[2] The term "right" in § 2255(f)(3) refers to both constitutional and statutory rights. *Hueso v. Barnhart*, 948 F.3d 324, 335 (6th Cir. 2020).

The Sixth Circuit has yet to address whether *Rehaif* is retroactively applicable to cases on collateral review, but under § 2255(h)(2),[3] which is analogous to § 2255(f)(3), *see Hueso v. Barnhart*, 948 F.3d 324, 335 (6th Cir. 2020); *In re Embry*, 831 F.3d 377, 381 (6th Cir. 2016)—the Sixth Circuit rejected a petitioner's request to amend his § 2255 petition to include a claim under *Rehaif*, concluding that "[t]he rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law,'" *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) (citing *In re Palacios*, 931 F.3d at 1315). Also, every circuit court of appeals that has considered the retroactivity of *Rehaif* has held it is not retroactively applicable to cases on collateral review. *Mata v. United States*, 969 F.3d 91, 93–94 (2d Cir. 2020); *In re Sampson*, 954 F.3d 159, 161–62 (3rd Cir. 2020); *In re Palacios*, 931 F.3d at 1315. In the absence of Supreme Court precedent stating otherwise, this Court cannot conclude that *Rehaif* is retroactively applicable to cases on collateral review. *Tyler*, 533 U.S. at 663. Mr. Story's claim therefore fails because it does not satisfy § 2255(f)(3), and because Mr. Story does not argue that he is entitled to equitable tolling.

### C. Rule 60(b) Motion

Next, the Court will address Mr. Story's motion for relief under Federal Rule of Civil Procedure 60(b), which "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (footnote omitted). Rule 60(b) also allows a party to pursue relief from a final judgment for "any other reason that justifies relief" from the judgment. Fed. R. Civ. P. 60(b)(6). Mr. Story argues that Rule 60(b) requires the

---

[3] Section 2255(h)(2) states that a petitioner may file a second or successive petition if he seeks relief under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Court to vacate his judgment on four grounds. First, he asserts that he is entitled to relief under Rule 60(b) because the Court did not permit him to file a reply to the United States' response to his § 2255 petition. [Pet'r's Rule 60(b) Mot. at 1–2].[4] Second, he contends that "simple robbery" under Tennessee law does not constitute "a crime of violence," as USSG § 2K2.1(a)(3) defines that phrase, and therefore should not have resulted in the four-point increase in his base offense level under § 2K2.1(a)(3). [*Id.* at 6–8]. Third, he argues that his counsel was ineffective because he did not raise the "meritorious claim" that simple robbery is not a crime of violence under § 2K2.1(a)(3) and because he did not file an appeal despite his instruction that he do so. [*Id.* at 6, 8]. And fourth, he maintains that the United States, during his sentencing hearing, "failed to provide the facts necessary to support [the] 2K2.1(b)(6) enhancement." [*Id.* at 10–12].

Before addressing Mr. Story's arguments, the Court must determine the appropriate legal framework for his motion. Although Mr. Story styles his motion as a Rule 60(b) motion, it does not resemble one, partly because Mr. Story filed it while his § 2255 petition was still pending and, by doing so, frustrated his own pursuit of Rule 60(b) relief. *See United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004) ("A Rule 60(b) motion may be used to seek relief from the *denial* of § 2255 motion, but only if it pertains to issues that were *decided* in the § 2255 case." (emphasis added) (citing *McQueen v. Scroggy*, 99 F.3d 1302, 1334–35 (6th Cir. 1996))). Mr. Story's Rule 60(b) motion in fact carries every hallmark of an amended habeas petition. *See generally Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) ("If, in substance, a claim falls within the scope of § 2255(a), it should be treated as such, regardless of any 'inventive captioning' by the prisoner." (quotation omitted)). For one thing, Mr. Story signed it under the

---

[4] Despite Mr. Story's argument to the contrary, the Court did in fact grant him leave to file a reply, [Order, Doc. 8, at 1], but Mr. Story never filed one. Mr. Story's argument is therefore baseless, and the Court will give it no further consideration.

penalty of perjury as required by Habeas Rule 2(b)(5). He also repeats his argument as to the inapplicability of § 2K2.1(b)(6)(B)'s enhancement, reincorporating, with some alterations, the allegations from his § 2255 petition, while also adding a new claim of ineffective assistance of counsel. And lastly, he requests the same relief that he requested in his § 2255 petition: that "his sentence be vacated." [Pet'r's Rule 60(b) Mot. at 12]; *see* § 2255(a) (allowing a prisoner to "claim[] the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States").

Under these circumstances, the Court will construe Mr. Story's Rule 60(b) motion as a motion to amend his § 2255 petition. *See Gregley v. Bradshaw*, Nos. 1:14 CV 50, 1:14 CV 971, 2015 WL 1275322, at *3 (N.D. Ohio Mar. 19, 2015) ("While neither the Supreme Court nor the Court of Appeals for the Sixth Circuit has addressed the issue, other courts have uniformly held that when a second habeas petition is filed before the adjudication of the initial petition is complete, the district court should construe the second petition as a motion to amend the first petition, rather than as a second or successive petition." (citations omitted)); *Motley v. Rapelje*, No. 10-13132, 2011 WL 4905610, at *1 (E.D. Mich. Oct. 13, 2011) ("If a pro se habeas corpus petition is filed while an earlier petition is still pending in the district court, the district court must construe the second petition as a motion to amend the first petition." (citation omitted)); *see also United States v. Sellner*, 773 F.3d 927, 931–32 (8th Cir. 2014) ("We now join our sister circuits and hold that when a *pro se* petitioner files a second § 2255 motion while her first § 2255 motion is still pending before the district court, the second motion is not barred by AEDPA and should be construed as a motion to amend."); *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) ("[W]hen a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the

15

pending § 2255 motion." (citation omitted)); *cf. Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) ("A motion . . . is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete—*i.e.,* before the petitioner has lost on the merits and exhausted her appellate remedies. (citations omitted)); *United States v. Williams*, 185 F. App'x 917, 919 (11th Cir. 2006) ("Although the [petitioners] specifically indicate that they were not pursuing a motion under 28 U.S.C. § 2255, habeas relief under that section appears to be the only cognizable basis for their claim. . . . Thus, we conclude that the motion filed with the district [court] was an amended habeas petition[].] (citation omitted)).[5]

A motion to amend a § 2255 petition, however, is subject to § 2255's one-year statute of limitations, *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008), which, again, states:

> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)–(4). In Mr. Story's case, § 2255(f)(1) and § 2255(f)(4) are the only relevant subsections. The Court will now consider whether the claims in Mr. Story's amended § 2255 petition are timely under either § 2255(f)(1) or § 2255(f)(4). *See Taylor*, 518 F. App'x at 349

---

[5] From this point forward, the Court, when citing to Mr. Story's Rule 60(b) motion, will refer to it as "Am. Pet."

16

(stating that "[a] district court . . . may sua sponte" raise "the applicable one-year statute of limitations" under § 2255 (citing *McDonough*, 547 U.S. at 209–10)); *see also Howard*, 533 F.3d at 475 (stating that "[a]ny attempt to raise a new claim for relief in a . . . motion to amend pleadings is subject to AEDPA's one-year statute of limitations" (citing § 2255(f))).

   1. *Section 2255(f)(1)*

Under § 2255(f)(1), the Court's criminal judgment against Mr. Story became final on the expiration of the last day on which he could have appealed that judgment, *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004), and that day was August 30, 2016—the two-week mark from the Court's entry of judgment on August 16, 2016, *see* Fed. R. App. P. 4(b)(1) (providing that a defendant must tender his notice of appeal within fourteen days of a district court's entry of judgment). Mr. Story, however, filed his amended § 2255 petition over two years later, on September 12, 2018, and because Mr. Story does not argue that he is entitled to equitable tolling, the claims in his amended petition are untimely under § 2255(f)(1).

   2. *Section 2255(f)(4)*

Section 2255(f)(4) "is directed at the discovery of new *facts*, not newly-discovered law," *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (emphasis added), but Mr. Story does not allege any newly discovered facts to buttress his amended claims. His claim that simple robbery does not constitute a crime of violence is a pure legal argument, which he supports with citations to case law, including *Johnson v. United  States*, 135 S. Ct. 2551 (2015) and *Descamps v. United States*, 570 U.S. 254 (2013). [Am. Pet. at 8].[6] His allegation that his attorney was

---

[6] To the extent that Mr. Story is attempting to bring claims under *Johnson* and *Descamps*, those claims are untimely under § 2255(f)(3).

ineffective in failing to raise this "meritorious claim" is a predicate of that same legal argument, hinging not on newly discovered facts but, by his own admission, on events that arose "[a]t the time of [his] sentencing" over four years ago. [*Id.* at 8]. Similarly, his claim that the United States, during his sentencing hearing, failed to muster evidence "to support [the] 2K2.1(b)(6) enhancement" is also a claim rooted in stale facts—facts that were the subject of his presentence investigation report and his sentencing hearing. [*Id.* at 10].

The only remaining allegation for the Court to consider, then, is Mr. Story's assertion that "he requested counsel to file a 'direct appeal'" and that "[c]ounsel failed to file a 'direct appeal.'" [*Id.* at 6]. If an attorney fails to follow a client's directive to file a timely appeal, that attorney's performance, as a matter of course, is deficient under the familiar two-part *Strickland* test, which requires a showing of deficient performance and prejudice. *See Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004) ("Under the *Strickland* standard, the failure of [the defendant's] attorneys to file a timely appeal on his behalf, despite his purported request that they do so, would fall below an objective standard of reasonableness." (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000))), *abrogated on other grounds by Stone v. Moore*, 644 F.3d 342 (6th Cir. 2011); *see also Garza v. Idaho*, 139 S. Ct. 738, 747 (2019) ("[P]rejudice is presumed 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken.'" (quoting *Flores-Ortega*, 528 U.S. at 484)).

But Mr. Story's allegation is purely conclusory, consisting of no facts, let alone newly discovered ones, indicating "the date, place, and manner in which [he] claims that he asked [his] attorney . . . to file an appeal." *Ryals v. United States*, Nos. 1:05–cv–238, 1:03–cr–176, 2009 WL 595984, at *3 (E.D. Tenn. Mar. 6, 2009). This Court has previously concluded that an allegation similar to Mr. Story's allegation is insufficient to advance a claim of ineffective assistance of

counsel. *See id.* at *3 (determining that the petitioner's claim of ineffective assistance of counsel, which consisted of the allegation that "Petitioner instructed counsel to file a notice of appeal on his behalf to appeal the district court's denial of his objections at sentencing and counsel failed to do so," was "too vague, conclusory, and lacking in details"); *see also* Habeas Rule 2(b)(2) (requiring a petitioner to state "facts supporting each ground" for relief); *Jefferson*, 730 F.3d at 547 (observing the general rule that "conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255" (quotation and citation omitted)); *Short*, 504 F.2d at 65 (stating that the petitioner's § 2255 claims were "insufficient to sustain review" because they were "stated in the form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or reference to such proof").[7]

Mr. Story's allegation that "he requested counsel to file a 'direct appeal'" and that his "[c]ounsel failed to file a 'direct appeal'" is therefore without sufficient facts to support a claim of ineffective assistance of counsel. And more pertinently to an analysis under § 2255(f)(4), it is lacking any assertion of *newly discovered* facts to support his claim. His claim, like his other claims, therefore does not satisfy § 2255(f)(4), and because he does not argue that he is entitled to equitable tolling, the claims in his amended petition are untimely under § 2255(f)(4).

### 3. *Relation-Back Doctrine*

Although the claims in Mr. Story's amended petition are untimely, they will nevertheless be entitled to consideration on the merits if Mr. Story can establish, under Federal Rule of Civil Procedure 15(c), that they relate back to the claims in his original petition. *See Howard*, 533 F.3d at 475–76 (recognizing that a motion to amend a § 2255 petition "will be denied where it is filed

---

[7] A petitioner is not entitled to an evidentiary hearing on a claim of ineffective assistance of counsel when his claim, like Mr. Story's, is conclusory. *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018).

after that period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)(2)"); *see also White v. United States*, No. 3:13-CR-71-TAV-HBG, No. 3:15-CV-502-TAV, 2019 WL 1140175, at *3 (E.D. Tenn. Mar. 12, 2019) ("The burden rests on petitioner to show that the claim in her supplemental motion "relates back" to the initial § 2255 motion[.]"). Rule 15(c)(1)(B) states that an amendment to a complaint relates back to the original complaint when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" "The key words are 'conduct, transaction, or occurrence," which mean that an original petition and an amended petition must "state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 656, 664 (2005) (footnote omitted). An amended petition does not relate back to the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

To start with, the Court would be remiss if it did not point out that Mr. Story does not even attempt to argue that the claims in his amended petition relate back to his original claims, and he therefore makes no headway in discharging his burden. Instead, he appears to couch his amended petition as a reply brief, contending that "[a] habeas petitioner has a right to a reply brief." [Am. Pet. at 2].[8] Even so, in deference to Mr. Story's pro se status—and in response to the United States' argument that Mr. Story's amended claims do not relate back to his original claims—the Court will perform a relation-back analysis under Rule 15(c). The United States, however, admits that only Mr. Story's claims of ineffective assistance of counsel fail to relate back to his original claims, conceding that the remainder of his amended claims satisfy Rule

---

[8] Mr. Story's amended petition is not a reply brief because he raises new claims in it. *See* E.D. Tenn. L.R. 7.1(c) (stating that a reply brief "shall directly reply to the points and authorities contained in the answering brief").

15(c). [United States' Second Resp. at 4]. The Court will therefore confine its relation-back analysis to Mr. Story's claims of ineffective assistance of counsel.

Mr. Story's claims of ineffective assistance of counsel clearly do not pass muster under Rule 15(c). These claims are new claims, having no traceable relationship back to the claims in his original petition, in which Mr. Story alleges only that the Court erred in administering his sentence. *See* [Pet. at 4–5]. As new claims, they do not relate back to his petition. *See United States v. Clark*, 637 F. App'x 206, 209 (6th Cir. 2016) ("[T]he amendment . . . was an entirely new claim. . . . The issue of whether the drug amounts were correctly determined at [the petitioner's] sentencing is unrelated to the issue of whether his appellate counsel was ineffective for not citing authority regarding the career offender enhancement raised in the initial § 2255 motion."); *United States v. Thomas,* 221 F.3d 430, 436 (3d Cir. 2000) ("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.").

In fact, even when a petitioner *has* alleged a claim of ineffective assistance of counsel in his petition and later amends that petition by raising another claim of ineffective assistance of counsel after § 2255(f)'s one-year statute of limitations has expired, relation back is still no guarantee. *See Watkins v. Deangelo-Kipp*, 854 F.3d 846, 850 (6th Cir. 2017) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." (quoting *Cox v. Curtin*, 698 F. Supp. 2d 918, 931 (W.D. Mich. 2010))). In sum, Mr. Story's claims of ineffective assistance of counsel do not relate back to the claims in his original petition, and § 2255(f)'s one-year statute of limitations therefore bars them.

4. *The Merits of the Remaining Amended Claims*

As for Mr. Story's remaining amended claims—i.e., his claim that simple robbery does not constitute a crime of violence under USSG § 2K2.1(a)(3) and his claim that the United States did not prove facts sufficient to trigger § 2K2.1(b)(6)(B)'s enhancement—the United States correctly argues that these claims must succumb to the doctrine of procedural default, as was the case with Mr. Story's original claims. [United States' Second Resp. at 4 n.4]. Mr. Story has not replied to the United States' contention that he has procedurally defaulted on these claims, again failing to assemble any appreciable argument as to cause and prejudice—or an argument as to a fundamental miscarriage of justice. He has therefore procedurally defaulted on these amended claims, which he did not raise on direct appeal. *See Dretke*, 541 U.S. at 388; *Simmons*, 2017 WL 4980159 at *2; *Israel*, 2018 WL 3212071 at *5.[9]

But even if the Court were to consider the merits of Mr. Story's amended claims, they would still fail. Mr. Story relies on *Peugh v. United States*, 569 U.S. 530 (2013) and *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), arguing that these cases establish that "when a defendant is sentenced under an incorrect USSG range, the error will usually result in prejudice to the defendant." [Am. Pet. at 9]. Neither of these cases, however, even remotely concerns whether simple robbery under Tennessee law qualifies as a crime of violence under USSG § 2K2.1(a)(3). In *Peugh*, the Supreme Court addressed whether an ex post facto violation occurs when a district court sentences a defendant under a new version of the sentencing guidelines and that new version provides a higher guidelines range than the version in effect at the time of the offense. 569 U.S. at 533. *Peugh*'s facts are clearly not on point here. And in *Molina-Martinez*,

---

[9] Although "[i]neffective assistance of counsel can constitute cause for a procedural default," the Court has already determined that Mr. Story's claims of ineffective assistance of counsel are untimely. *Huff*, 734 F.3d at 606 (quotation omitted).

the Supreme Court addressed the type of evidentiary showing that a defendant must make on appeal when a district court, at sentencing, "applie[s] a Guidelines range higher than the applicable one." 136 S. Ct. at 1341. *Molina-Martinez* is clearly off point here too. Mr. Story concedes that his guidelines range was the statutory maximum of 120 months. [Am. Pet. at 9]. The Court sentenced him *below* that guidelines range, to a term of 108 months, and it therefore did not "appl[y] a Guidelines range higher than the applicable one." *Molina-Martinez*, 136 S. Ct. at 1341.

Also, neither *Peugh* nor *Molina-Martinez* involved a collateral attack under § 2255; instead, both cases dealt with direct appeals. The difference between a § 2255 proceeding and a direct appeal is significant, with the former often depending on whether the petitioner is able to establish that a judgment is constitutionally invalid. *See Frady*, 456 U.S. at 162–66. Mr. Story claims this precise type of error, arguing that the Court, in misapplying USSG § 2K2.1(a)(3), committed an error of constitutional magnitude in violation of his due process rights. But as the Court previously stated in this opinion, an error in the application of the Sentencing Guidelines does not ascend to that level of error. *See Snider*, 908 F.3d at 191–92 ("[E]very other court of appeals to have looked at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations." (citations omitted)); *Grant*, 72 F.3d at 506 ("[M]istakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of" procedural default.).

Once again, "an error in the application of the Sentencing Guidelines does not warrant collateral relief under § 2255 unless there is a complete miscarriage of justice." *Jones*, 178 F.3d at 796 (citation omitted). To meet this "demanding standard," Mr. Story must "prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has

23

been vacated." *Bullard*, 937 F.3d t 658 (quotation omitted); *see Grant*, 72 F.3d at 506 (stating that an error does not rise a complete miscarriage of justice unless it is "positively outrageous"). Mr. Story, however, does not allege—let alone attempt to show—either one. Nor can he. *See Peterman*, 249 F.3d t 462 ("Courts have generally declined to collaterally review sentences that fall within the statutory maximum." (citations omitted)); *see also Moody*, 433 F. App'x at 787 ("The reasonableness of a sentence may be indicated when the sentence imposed was well below the statutory maximum sentence." (citing *Gonzalez*, 550 F.3d at 1324, *cert. denied*, 557 U.S. at 928)); *Foreman*, 401 F. App'x at 104 ("The sentence [the defendant] received was below the statutory maximum and was adequately supported by § 3553(a) factors. The sentence was substantively reasonable." (citing *Kontrol*, 554 F.3d at 1093)).

Finally, as for Mr. Story's claim that the United States, during his sentencing hearing, did not offer adequate evidence to prove the enhancement under § 2K2.1(b)(6)(B),[10] that claim, too, falters on the merits. "In the specific context of the § 2K2.1(b)(6)(B) firearm enhancement," the Sixth Circuit will "review [a] district court's factual findings for clear error and accord due deference to the district court's determination that the firearm was used or possessed in connection with the other felony, thus warranting the application of the . . . enhancement." *United States v. Jackson*, 877 F.3d 231, 236 (6th Cir. 2017) (internal quotation mark and quotation omitted). Here on collateral review, this Court's findings as to § 2K2.1(b)(6)(B)'s applicability are entitled to the same or, arguably, even greater deference. *See Hampton*, 191 F.3d at 698 ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)); *see also United States v. Edgerson*, No. 05-80763, 2009 WL 6614313, at *4 (E.D. Mich. Aug. 27, 2009 ) (stating that "[f]or purposes of a § 2255 motion, the

---

[10] Section 2K2.1(b)(6)(B) applies "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense." § 2K2.1(b)(6)(B).

Court's findings of fact are presumed to be correct, absent clear and convincing evidence to the contrary" (quotation and footnote omitted)).

Mr. Story alleges that the cocaine in his possession was "intended for personal use" and "not for resell," that it "was a one time possession, for a once a year birthday party for a friend," that the firearm "had nothing to do with the cocaine," and that the firearm's "presence was merely coincidental and unrelated to his cocaine possession." [Am. Pet. at 11]. But Mr. Story has provided the Court with no record—specifically, no sentencing transcripts—from which it can possibly determine whether it erred, more than four years ago, in finding that the United States had proved adequate facts to warrant the application of § 2K2.1(b)(6)(B)'s enhancement. *See generally In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (recognizing that an inmate's status as a pauper "does not give [him] a right to have documents copied and returned to him at government expense"). Without the benefit of a factual record, the Court simply is unable to conclude that Mr. Story has shown that the Court committed clear error in concluding that the United States' evidence was sufficient to trigger § 2K2.1(b)(6)(B)'s enhancement. And besides, Mr. Story acknowledges that the United States could in fact succeed in showing a "potential connection" between the firearm and the cocaine, [Am. Pet. at 11], and a potential connection is enough to justify the application of § 2K2.1(b)(6)(B), *see Jackson*, 877 F.3d at 236 (stating that § 2K2.1(b)(6)(B) applies "if the firearm or ammunition facilitated, or had the *potential* of facilitating, another felony offense or another offense," including the protection of drugs (citing § 2K2.1(b)(6)(B) cmt. n. 14(A)).[11]

In any case, the gestalt of Mr. Story's argument is that the Court, by applying the enhancement despite a lack of evidence to support it, violated his due process rights, but at the

---

[11] Application Note 14(A) was in effect during Mr. Story's sentencing hearing in 2016.

risk of becoming redundant, the Court again emphasizes that an error in the application of the Sentencing Guidelines is not one of constitutional magnitude. *Snider*, 908 F.3d at 189; *Grant*, 72 F.3d at 506. So the error that Mr. Story complains of "does not warrant collateral relief under § 2255 unless there is a complete miscarriage of justice." *Jones*, 178 F.3d at 796 (citation omitted). Again, Mr. Story simply has not met this demanding standard. As a result, his amended claims do not entitle him to the extraordinary remedy of § 2255 relief.

### D. Certificate of Appealability

Lastly, the Court must determine whether to issue a certificate of appealability, which is necessary for Mr. Story to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claims on the merits, that petitioner must demonstrate that reasonable jurists would find that the court's assessment of those claims is "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having considered the merits of Mr. Story's claims, in which he alleges violations of the Constitution, the Court does not conclude that reasonable jurists would find its rejection of his claims debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Mr. Story.

### IV. CONCLUSION

As the petitioner under § 2255, Mr. Story fails to meet his burden of establishing that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in either a complete miscarriage of justice or an egregious error. Mr. Story's Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1], Motion for Relief (under 60(b)) [Doc. 9], and Supplemental Motion [Doc. 18] are therefore **DENIED**.

26

This case is hereby **DISMISSED with prejudice**. The Court will enter an order consistent with this opinion.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE